# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

IRA HARDY,   
    Petitioner,

vs.

ERNIE MOORE, WARDEN,   
    Respondent.

Civil Action No. 1:06-cv-218

Weber, J.   
Black, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court upon the petition (Doc. 4) and respondent's return of writ and exhibits thereto. (Doc. 5). Although petitioner was granted two extensions of time in which to file a traverse brief to respondent's return of writ (Docs. 7, 9), petitioner failed to file any additional brief in this matter.

**I. Facts**

This case involves the following facts, as summarized by the Twelfth District Ohio Court of Appeals:[1]

> {¶ 2} On January 31, 2002, appellant was indicted on one count of unlawful sexual conduct with a minor, pursuant to R.C. 2907.04(B)(3), a third-degree felony ("Count One"), and one count of unlawful sexual conduct with a minor, pursuant to R.C. 2907.04(B)(4), a second-degree felony ("Count Two"). The charges arose from allegations that appellant, who had a previous conviction for corruption of a minor, had consensual, sexual intercourse with A.B., a female minor, when he was 29 years old and she was 14 years old. A.B. became pregnant as a result of her relationship with appellant; she subsequently terminated her pregnancy by having an abortion.
>
> {¶ 3} A jury trial was held on the charges, and the jury convicted appellant on both counts. The trial court merged Counts One and Two, and sentenced appellant to seven years in prison on Count Two. The trial court also found appellant to be a sexually-oriented offender. Appellant subsequently moved for a new trial, which the trial court overruled.

(Doc. 5, Exh. 11 at 2-4)(internal footnote omitted).

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

**II. Procedural History**

Petitioner was indicted by the Butler County Grand Jury in January 2002 on two counts of Unlawful Sexual Conduct with a Minor in violation of Ohio Revised Code (R.C.) §§ 2907.04(B) (3) and (4). (Doc. 5, Exh. 1). Petitioner pled not guilty to the charges in the indictment. Petitioner was convicted after a jury trial on March 14, 2002. (Doc. 5, Exh. 2). Petitioner filed motions for a new trial and for a writ of habeas corpus on March 29, 2002. (Doc. 5, Exhs. 3, 4). On May 15, 2002, the trial court overruled both motions. (Doc. 5, Exh. 5). That same date, petitioner was sentenced to seven years incarceration. (Doc. 5, Exh. 6). On June 4, 2002, an entry was filed declaring petitioner to be a sexual predator. (Doc. 5, Exh. 7).

On June 10, 2002, petitioner, through new counsel, filed a timely notice of appeal to the Twelfth Appellate District Court of Appeals and presented the following assignments of error:

> 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ITS RULING REGARDING VARIOUS PIECES OF CORRESPONDENCE THAT HAD BEEN WRITTEN BY BOTH THE DEFENDANT AND THE VICTIM.
>
> 2. DEFENDANT-APPELLANT RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL.

(Doc. 5, Exh. 9).[2] The State filed a brief in opposition. (Doc. 5, Exh. 10). On September 8, 2003, the Twelfth District Court of Appeals issued an opinion affirming the trial court's judgment and overruling petitioner's assignments of error. (Doc. 5, Exh. 11).

Petitioner failed to file a timely appeal to the Supreme Court of Ohio. Instead, on June 14, 2004, petitioner filed a notice of appeal and motion for leave to file a delayed appeal and

---

[2] It appears that petitioner filed a second notice of appeal on July 25, 2002 in an attempt to appeal the May 15, 2002 sentence. (Doc. 5, Exh. 17). On August 6, 2002, the Ohio Court of Appeals denied leave to appeal finding petitioner already had an appeal pending as a result of his June 10, 2002 notice of appeal. (Doc. 5, Exh. 18).

2

presented the following propositions of law:

> 1. TRIAL COURT ERRS TO THE PREJUDICE OF APPELLANT WHERE IT EXCLUDES EVIDENCE OF CORRESPONDENCE BETWEEN DEFENDANT AND VICTIM.
>
> 2. APPELLANT RECEIVES INEFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILS TO HAVE COUNTS SEVERED OR REQUIRING THE STATE TO ELECT WHICH OF THE CHARGES IT WISH TO PURSUE.

(Doc. 5, Exhs. 12, 13). On August 4, 2004, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal. (Doc. 5, Exh. 14).

On October 26, 2004, petitioner filed a *pro se* application to reopen his direct appeal pursuant to Rule 26(B), Ohio Rules of Appellate Procedure, presenting the following assignments of error:

> 1. THE CONVICTION OF APPELLANT IRA HARDY SHOULD BE OVERTURNED DUE TO THE ILLEGAL TACTICS OF THE DETECTIVES USED TO OBTAIN AN INCRIMINATING STATEMENT FROM THE APPELLANT USED AT TRIAL, A VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT RIGHT OF (sic) THE UNITED STATES CONSTITUTION.
>
> 2. THE DEFENDANT-APPELLANT, IRA HARDY WAS DENIED HIS FOURTEENTH [AMENDMENT] RIGHTS UNDER THE UNITED STATES CONSTITUTION TO PROPER PROCEDURAL DUE PROCESS WHEN THE TRIAL COURT ACTED AS A WITNESS. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A MISTRIAL BASED ON THE JUDGE'S IMPROPER REMARKS.

(Doc. 5, Exh. 15). On December 7, 2004, the Ohio Court of Appeals denied the application to reopen the appeal finding no good cause for petitioner's untimely filing of his application. (Doc. 5, Exh. 16). Petitioner did not appeal the denial of his application to reopen to the Supreme Court of Ohio.

On March 20, 2006,[3] petitioner filed a Petition for Writ of Habeas Corpus in this Court raising the following grounds for relief:

> **GROUND ONE:** WHEN THE KEY ISSUE IS THE DEFENDANT'S KNOWLEDGE OF THE VICTIMS AGE, IT IS ERROR FOR A COURT TO EXCLUDE CARDS WRITTEN BY THE VICTIM TO THE DEFENDANT THAT TEND TO COOBERATE (sic) HER MATURITY AND THE DEFENDANT'S BELIEF THAT THE VICTIM WOULD ENGAGE IN ADULT ACTIVITY.
>
> **GROUND TWO:** COUNSEL IS INEFFECTIVE WHEN SHE DOES NOT SEEK TO HAVE THE COURT SEVER TWO COUNTS OF AN INDICTMENT WHEN IT IS PREJUDICIAL TO THE DEFENDANT TO PROCEED ON BOTH COUNTS SIMULTANEOUSLY AND WHEN COUNSEL IS ALERTED BY THE COURT THAT PORTIONS OF A DEFENDANT'S INTERVIEW ARE PREJUDICIAL AND INADMISSIBLE, BUT COUNSEL AGREES FOR THE JURY TO HEAR THE ENTIRE INTERVIEW ANYWAY.
>
> **GROUND THREE:** THE POLICE USED OVERWHELMING TACTICS TO INDUCE INCRIMINATING STATEMENTS USED TO CONVICT THE PETITIONER.

(Doc. 4).

---

[3] In determining the "filing" date of the petition in this matter, the Court recognizes that a notice of appeal filed by a *pro se* prisoner is deemed "filed" on the date that the notice is placed in the prison mail system to be forwarded to the court clerk. *Houston v. Lack,* 487 U.S. 266, 270 (1988). The *Houston* "mailbox rule" applies equally to civil actions filed by pro se prisoners. *See Richard v. Ray,* 290 F.3d 810, 812 (6th Cir. 2002). In addition, when a litigant seeks leave to file a complaint *in forma pauperis*, the complaint is considered filed on the date the clerk's office receives both the complaint and the application to proceed *in forma pauperis*, even if the complaint is not formally stamped "filed" until a later date when the pauper application is granted. *Dean v. Veterans Admin. Regional Office,* 943 F.2d 667, 671 (6th Cir. 1991), *vacated and remanded on other grounds*, 503 U.S. 902 (1992). Pursuant to *Dean* and *Richard,* the complaint of a *pro se* petitioner who applies for permission to proceed *in forma pauperis* is thus deemed "filed" for statute of limitations purposes when the petitioner deposits both the complaint and the application to proceed *in forma pauperis* in the prison mail system to be forwarded to the court clerk. *See Scott v. Evans,* 116 Fed. Appx. 699, 701 (6th Cir. 2004).

Petitioner's habeas petition and motion for leave to proceed *in forma pauperis* were received by the Columbus Clerk of Court on March 31, 2006. (Doc. 2). The petition was subsequently transferred to the Cincinnati Division of the Southern District of Ohio. (Doc. 1). The motion to proceed *in forma pauperis* was granted and the petition was docketed on April 17, 2006. (Doc. 3). Although it is not clear when petitioner placed his petition and *in forma pauperis* application in the prison mail system, it appears that the cashier's certificate of petitioner's *in forma pauperis* application was signed by the prisoner cashier on March 20, 2006. (Doc. 2). Because the Court cannot discern from plaintiff's submissions when he actually tendered his petition and *in forma pauperis* motion to prison officials for mailing,, the Court shall use the date of the cashier's certificate as the controlling date. Thus, the Court deems the petition to be filed on March 20, 2006.

Respondent contends the petition is barred by the statute of limitations.  In the alternative, respondent argues that Grounds One through Three of the petition are procedurally defaulted.  For the reasons that follow, the Court agrees that Grounds One through Three of the petition are untimely and barred by the statute of limitations.  Thus, the petition should be dismissed.

### III.  Claims One Through Three of the Petition are Time-Barred.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One through Three of the petition seek habeas corpus relief based on alleged errors that occurred before and during petitioner's trial. It is clear from the record that petitioner was well aware of the facts underlying his exclusion of evidence claim (Ground One), ineffective assistance of trial counsel claim (Ground Two), and police coercion/right against compulsory self-incrimination claim (Ground Three) by close of the trial and before the conclusion of the direct review proceedings. Therefore, these claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on October 23, 2003, when the time expired for petitioner to file a notice of appeal in the Supreme Court of Ohio. Under Ohio law, petitioner was required to file an appeal to the Supreme Court of Ohio within forty-five (45) days after the Ohio Court of Appeals' final decision on direct appeal, which was entered on September 8, 2003. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. *See also Lucas v. Carter,* 46 F. Supp.2d 709, 711 (N.D. Ohio 1999). Therefore, the statute of limitations commenced running the following day on October 24, 2003, and expired one year later on October 23, 2004, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See*

*Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000). Petitioner filed his motion for delayed appeal[4] in the Supreme Court of Ohio on June 14, 2004, at which point the statute of limitations had run for 234 days. The statute of limitations was tolled until the Supreme Court of Ohio issued its decision denying leave to appeal on August 4, 2004.[5] The limitations period resumed running on August 5, 2004 and expired 131 days later on December 14, 2004 absent any further tolling of the statute.

On October 26, 2004, petitioner filed a Rule 26(B) application to reopen his direct appeal in the Ohio Court of Appeals. This application did not toll the statute of limitations, however, because it was not "properly filed" as required under § 2244(d)(2).

A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). When a state post-conviction petition is rejected by the state courts on timeliness grounds, it is not "properly filed" and therefore cannot serve to toll the limitations

---

[4] The Court notes that petitioner's motion for delayed appeal did not cause the limitations period to begin anew. In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. More recently, in *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493 (6th Cir. 2005)*,* the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." (Emphasis added).

[5] The statute did not remain tolled for the additional 90 days in which petitioner could have appealed to the United States Supreme Court. *See Lawrence v. Florida,* __ U.S. __, 127 S.Ct. 1079, 1082 (2007). Prior to the Supreme Court's decision in *Lawrence,* the Sixth Circuit held that a petitioner's application for post-conviction relief in a state court remained "pending" for purposes of tolling the statute of limitations for the additional 90-day period that the petitioner could seek U.S. Supreme Court review of the state's final judgment. *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir.2003), overruled by *Lawrence,* 127 S.Ct. 1079. After *Lawrence,* however, § 2244(d)(2) does not toll the one-year limitations period for a state application for post-conviction relief during the pendency of a petition for certiorari.

period under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied*, 535 U.S. 1088 (2002). The Sixth Circuit has emphasized that deference must be accorded to the state courts as "the final authority on state law," and that "federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman*, 346 F.3d at 603; *Israfil*, 276 F.3d at 771. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414.[6]

In the instant case, the Ohio Court of Appeals denied petitioner's Rule 26(B) application to reopen his direct appeal[7] as untimely, finding no "good cause" for petitioner's filing beyond the applicable deadline. (Doc. 5, Exh. 16). Since *Pace,* statutory tolling of the statute of limitations has not been permitted in cases where the Ohio courts have denied untimely-filed applications for reopening based on the applicant's failure to show "good cause" for the delay in filing. *See, e.g., Tomlinson v. Hudson*, 2007 WL 1831135, *6 (N.D. Ohio 2007); *Nelson v.*

---

[6] The *Pace* Court rejected the argument that "the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." 544 U.S. at 413. The Court reasoned:

> In common understanding,, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.*

[7] In an *en banc* decision, the Sixth Circuit overruled its prior precedent in *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), and held in accordance with state case-law that an application for reopening of the appeal under Ohio R. App. P. 26(B) is a collateral post-conviction remedy rather than part of the direct appeal. *Lopez v. Wilson*, 426 F.3d 339, 351-53 (6th Cir. 2005) (en banc), *cert. denied*, 126 S.Ct. 1880 (2006); *see also Morgan v. Eads*, 818 N.E.2d 1157 (Ohio 2004). Because applications for reopening are no longer considered part of the direct appeal in Ohio, but rather a collateral post-conviction review remedy, it appears they are now subject to the "properly filed" requirement for statutory tolling set forth in 28 U.S.C. § 2244(d)(2).

*Wilkerson*, 2007 WL 987323, *6-*7 (N.D. Ohio 2007); *Gorman v. Brunsman*, 2006 WL 1645066, *8 (S.D. Ohio 2006) (Dlott, J.); *Hanna v. Jeffreys,* 2006 WL 462357, *3-*4 (S.D. Ohio 2006) (King, M.J.) (Report and Recommendation (unpublished), adopted, 2006 WL 689060 (S.D. Ohio Mar 16, 2006) (Graham, J.). In light of *Pace,* the Court concludes that petitioner's Rule 26(B) application was not "properly filed" for purposes of § 2244(d)(2) and does not toll the statute of limitations in this matter.

Accordingly, as explained above, the statute of limitations in this matter expired on December 14, 2004. Petitioner's habeas corpus petition was filed in this Court on March 20, 2006, and, accordingly, it was submitted over one year and three months too late.

Petitioner has not shown that equitable tolling principles should apply to permit review of his time-barred claims for habeas corpus relief.

The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the

9

limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute

of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), Grounds One through Three of the petition are time-barred and should be dismissed.[8]

### IT IS THEREFORE RECOMMENDED THAT:

1. The petition for writ of habeas corpus be DISMISSED with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the three grounds for relief alleged in the petition, which this Court has concluded are barred from review on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[9]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 9/12/2007                                                s/Timothy S. Black
                                                               Timothy S. Black
                                                               United States Magistrate Judge

---

[8] Since the Court recommends the petition be dismissed as time-barred, the Court declines to reach respondent's alternative contention that petitioner's grounds for relief have been procedurally defaulted and waived.

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

IRA HARDY,  Civil Action No. 1:06-cv-218
    Petitioner,

                                            Weber, J.
   vs.                                      Black, M.J.

ERNIE MOORE, WARDEN,
    Respondent.

**NOTICE**

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within TEN (10) DAYS of the filing date of this R&R.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).