UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IRA HARDY,

        Petitioner

    v.                              C-1-06-218

ERNIE MOORE, WARDEN,

        Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254. The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 11) recommending that the Petition for Writ of Habeas Corpus be dismissed to which neither party has objected.

Upon a *de novo* review of the record, the Court finds that the Magistrate Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case. Accordingly, in the absence of any objection by petitioner, this Court accepts the Report as uncontroverted.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS AND INCORPORATES BY REFERENCE** into this Order his Report and Recommendation dated September 12, 2007.

The petition for writ of habeas corpus is DISMISSED with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

Further, a certificate of appealability will not issue with respect to the three grounds for relief alleged in the petition, which this Court has concluded are barred from review on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural filing.[1]

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a), that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENIES** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

          ___s/Herman J. Weber_____
          Herman J. Weber, Senior Judge
          United States District Court

J:\DOCUMENT\PRISONER\06-218.wpd

---

[1] Because the first prong of the ***Slack*** test has not been met, the Court need not address the second prong of ***Slack*** as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. ***See, Slack***, 529 U.S. at 484.